**VICTOR LALLI ENTERPRISES, INC., by change of name to Val Publishing Company, Inc., Plaintiff–Appellant,**

v.

**BIG RED APPLE, INC. and W.E. Underwood, d/b/a Big Red Publishing, Defendant–Appellee.**

**No. 1577, Docket 91–7155.**

United States Court of Appeals, Second Circuit.

Argued May 29, 1991.

Decided June 13, 1991.

**672**

Edward B. Hunter, Jericho, N.Y. (Juan C. Villar, Nolte, Nolte & Hunter, of counsel), for plaintiff-appellant.

Richard E. Bennett, New York City, for defendant-appellee.

Before OAKES, Chief Circuit Judge, and CARDAMONE and WALKER, Circuit Judges.

PER CURIAM:

Victor Lalli Enterprises, Inc. by change of name to Val Publishing Co. ("Lalli") appeals from a final order and judgment entered on January 14, 1991 in the United States District Court for the Eastern District of New York (Honorable I. Leo Glasser, *Judge*), granting judgment in favor of defendant Big Red Apple, Inc. ("Big Red") and finding that Lalli's publication, a compilation of information gleaned from horse racing statistics, was not entitled to copyright protection. Since the district court issued its decision, the Supreme Court decided the case of *Feist Publications, Inc. v. Rural Telephone Service Co.*, — U.S. ——, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991), which clarified the standards governing copyright protection for compilations of facts such as those involved here. In light of *Feist*, we find that Lalli's compi-lation did not merit copyright protection, and we therefore affirm the decision of the district court.

Since the 1930's in New York City, there have been illegal gambling operations whose winning numbers are determined by activity at local race tracks. Bettors on these numbers apparently take interest not only in the day's winning pick, but in the historical record of numbers which have won in the past. Many of those who engage in this betting rely on charts known as the "3-5-7 Old Way" and "the Brooklyn Handle" as sources for predicting these "lucky numbers." Several different publishers including Lalli, which puts out a card called "Val's Original Genuine Black Cat Weekly Card," and Big Red Apple, Inc. ("Big Red") publish the two charts which are at issue in this case. Other charts not at issue and illustrations also appear in the publications of Lalli, Big Red and others.

All publishers of the charts at issue use the exact same format: they display the results for periods of thirteen months, showing the months of the year in a row across the top of the chart and the numbers 1 to 31 in a vertical column to indicate the day of the month. Unless a publisher were to make a mistake, the information in the charts does not vary in the slightest as between publishers and is derived from commonly ascertainable external sources.

The Brooklyn Handle chart derives its daily number from the total sum of money bet each day on all of the horse races at the New York flat-racing track in operation. Local newspapers reporting on track activities publish this sum total daily. Publishers of the Brooklyn Handle take the last three digits of this daily sum total and publish it as the lucky number for the day. The 3-5-7 Old Way chart is also derived from published statistics on racetrack winnings at the New York flat-racing track in operation. Its results, however, require simple addition. First, the compiler of the 3-5-7 Old Way chart must add together the amounts paid by the track on two dollar bets to win, place and show for each of the first seven races of the day. The last digit of the total of such sums paid out by the

track in the first three races forms the first digit of the lucky number; the last digit of the total paid out by the track in the first five races forms the second digit of the lucky number; the final digit of the lucky number is the last digit of the total for all seven races.

In June through October of 1979, certain issues of Big Red contained Brooklyn Handle and 3–5–7 Old Way charts directly photocopied from Lalli's "Black Cat Weekly." In response, Lalli brought this action for copyright infringement under 17 U.S.C. § 106 in the United States District Court for the Eastern District of New York. The district court held that the charts were not entitled to copyright protection. This appeal followed.

The recent Supreme Court decision in *Feist Publications, Inc. v. Rural Telephone Service Co.,* —— U.S. ——, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) governs this case. In holding that a telephone directory's white page listings lack the requisite originality to meet the constitutional or statutory requirements for copyright protection, the Court in *Feist* clarified the standards for determining copyright protection for fact compilations.

■ Generally, we review a district court's determination of whether a work is sufficiently original to merit copyright protection under the clearly erroneous standard. *See Financial Information, Inc. v. Moody's Investors Service, Inc.,* 808 F.2d 204, 207–08 (2d Cir.1986), *cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987). We find, in light of *Feist,* that Judge Glasser did not err in determining that Lalli's charts fail to meet the minimum standards of originality required for copyright protection. First, we note that the charts here are compilations of preexisting facts. Like the telephone directory information at issue in *Feist,* the data Lalli publishes in his charts does not " 'ow[e] its origin' " to the publisher. *Feist,* 111 S.Ct. at 1296, quoting *Burrow–Giles Lithographic Co. v. Sarony,* 111 U.S. 53, 58, 4 S.Ct. 279, 281, 28 L.Ed. 349 (1884); *see also Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 556, 105 S.Ct. 2218, 2228, 85 L.Ed.2d 588 (1985) (copyright does not protect facts). Rather, as the parties concede,

Lalli gathers, verifies and rearranges published factual material.

■ Although facts themselves are not subject to copyright protection, a compilation of preexisting facts such as Lalli's can still meet the constitutional minimum for copyright protection if it features original selection, coordination or arrangement of those facts. *Feist,* 111 S.Ct. at 1294 (while copyright protection extends to original selection, coordination or arrangement of facts, the facts themselves are still not protected); Copyright Act of 1976, 17 U.S.C. § 101 et seq. (defining elements of protected "compilations").

We find that Lalli's compilation fails to meet this minimum requirement. In *Feist,* the Supreme Court relied on the fact that the telephone book's ordering of facts was "mechanical," "typical," and "garden-variety" to decide that its selection and arrangement were entirely devoid of creativity, and therefore undeserving of copyright protection. *Feist,* 111 S.Ct. at 1296; *see also Eckes v. Card Prices Update,* 736 F.2d 859, 863 (2d Cir.1984) (requiring "selection, creativity and judgment"). Although novelty is not required, some "modicum of creativity" is necessary to transform simple compilation into copyrightable expression. *Feist,* 111 S.Ct. at 1296. In Lalli's charts, as Judge Glasser correctly found, he arranges factual data according to "purely functional grids that offer no opportunity for variation." The format of the charts is a convention: Lalli exercises neither selectivity in what he reports nor creativity in how he reports it. Because Lalli's charts do not demonstrate the requisite minimal originality, they are not entitled to copyright protection, and Big Red's use of them cannot constitute infringement.

Judge Glasser did not have the benefit of the recent *Feist* opinion for guidance when he issued his decision. We find that he nonetheless reached the same result that *Feist* now dictates, in large part because *Feist* approved the reasoning of several Second Circuit cases that Judge Glasser did rely on. *See, e.g., Financial Information, Inc. v. Moody's Investors Service, Inc.,* 808 F.2d 204, 207 (2d Cir.1986), *cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987); *Hoehling v. Universal City Studi-*

*os, Inc.,* 618 F.2d 972, 979 (2d Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980). In those cases, we rejected a test for copyright protection based on the effort or energy expended by the compiler of directories and other fact based works, the so-called "sweat of the brow" test, *see, e.g., Jeweler's Circular Publishing Co. v. Keystone Publishing Co.,* 281 F. 83, 88 (2d Cir.) (outlining now-repudiated sweat of the brow test) *cert. denied,* 259 U.S. 581, 42 S.Ct. 464, 66 L.Ed. 1074 (1922), and concluded that effort alone, without originality, could not form the basis for copyright protection, a position approved by the Supreme Court in *Feist. Feist,* 111 S.Ct. at 1291–95. Therefore, although Lalli engaged in a certain degree of labor to compile his charts, his labor is irrelevant to the central question of whether his work displayed some modicum of originality entitling it to copyright protection.

Affirmed.