**MID AMERICA TITLE CO.,**
**Plaintiff–Appellant,**

v.

**James F. KIRK, Defendant–Appellee.**

No. 94–3621.

United States Court of Appeals,
Seventh Circuit.

Argued May 11, 1995.

Decided July 18, 1995.

Robert E. Wagner, Alan L. Barry (argued), James J. Jagoda, Paul J. Nykaza, Wallenstein, Wagner & Hattis, Chicago, IL, Amy L.H. Rockwell, Baxter Travenol Laboratories, Inc., Deerfield, IL, for plaintiff-appellant.

Joshua G. Vincent (argued), Thomas L. Browne, Hinshaw & Culbertson, Chicago, IL, Thomas H. James, Rockford, IL, Gary W. Leydig, Levin, McParland, Phillips, Leydig & Haberkorn, Chicago, IL, for defendant-appellee.

Before CUDAHY, ESCHBACH, and RIPPLE, Circuit Judges.

ESCHBACH, Circuit Judge.

This is a copyright infringement case in which plaintiff Mid America Title Company ("Mid America") appeals from the district court's grant of summary judgment in favor of the defendant. For the reasons below, we affirm.

## I.

This case is before us for a second time.[1] In 1986, Mid America sued James F. Kirk ("Kirk"), an attorney associated with the Attorneys' Title Guaranty Fund, for the alleged copyright infringement of one of its title insurance commitments, Title Commitment No. 125266. Title Commitment No. 125266 contains a compilation of factual information regarding a residential parcel of land in Frankfort, Illinois ("the Frankfort property"), and Mid America registered this title commitment with the United States Copyright Office on June 4, 1985. The district court initially dismissed with prejudice Mid America's copyright infringement claim after determining that Mid America would be unable to prove that its title insurance commitment contained any specific elements of originality which were allegedly copied. On appeal, we concluded that such a determination was inappropriate on a Rule 12(b)(6) motion, and we reversed the district court's dismissal of Mid America's copyright infringement claim and remanded this claim to the district court for further proceedings. *See Mid America Title Co.*, 991 F.2d at 422 ("The element of copyrightable originality in a compilation claim is often subtle, and therefore a determination at the pleading stage will often be impossible.").

Following our remand, the parties consented to submit this case to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Both sides filed cross-motions for summary judgment, and, on October 7, 1994, the magistrate judge granted summary judgment in favor of Kirk and against Mid America. The magistrate judge concluded as a matter of law that Mid America could not prevail on its copyright infringement claim because the elements of the title commitment which were allegedly copied were not copyrightable. Mid America filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

## II.

■ Mid America contends that the district court improperly granted Kirk's motion for summary judgment on its copyright infringement claim. We review the district

---

1. The facts of this case are set forth in detail in our prior opinion, *Mid America Title Co. v. Kirk*, 991 F.2d 417 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 346, 126 L.Ed.2d 310 (1993), and we will therefore only repeat those facts which are necessary for our discussion.

court's grant of summary judgment *de novo. Dey v. Colt Constr. & Dev. Co.,* 28 F.3d 1446, 1453 (7th Cir.1994). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Tatalovich v. City of Superior,* 904 F.2d 1135, 1139 (7th Cir.1990) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

■ Mid America seeks copyright protection for the compilation of selected land title data which appears in its Title Commitment No. 125266. The Supreme Court recently clarified the standards that govern copyright protection for such fact compilations, stating that "[a] factual compilation is eligible for copyright if it features an original selection or arrangement of facts, but the copyright is limited to the particular selection or arrangement." *See Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 350–51, 111 S.Ct. 1282, 1290–91, 113 L.Ed.2d 358 (1991). The *Feist* court first provided an overview of the pertinent sections of the 1976 Copyright Act, explaining that "copyright requires originality, § 102(a); that facts are never original, § 102(b); that the copyright in a compilation does not extend to the facts it contains, § 103(b); and that a compilation is copyrightable only to the extent that it features an original selection, coordination, or arrangement, § 101." *Id.* at 360, 111 S.Ct. at 1295. The Court then went on to hold that the white page listings in a telephone directory were not entitled to copyright protection because they lacked the requisite originality. *Id.* at 364, 111 S.Ct. at 1297.

■ *Feist* instructs that in order to establish copyright infringement, a plaintiff must prove two essential elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Id.* at 361, 111 S.Ct. at 1296. Regarding the issue of copyright validity, Mid Amer-

ica places heavy emphasis on its contention that the magistrate judge misallocated the initial burden of proof by failing to grant Mid America's copyright in its title commitment a *prima facie* presumption of validity based on its certificate of copyright registration. *See* 17 U.S.C. § 410(c). We note, however, that this is simply a rebuttable presumption and that "the burden of proof in the sense of the risk of nonpersuasion ... remains throughout the trial upon the party on whom it was originally cast." Fed.R.Evid. 301. Moreover, Mid America also had to show that Kirk copied constituent elements of the title insurance commitment that are *original,* and the district court determined that Mid America failed to make such a showing. Thus, the primary issue on appeal is whether the material allegedly copied from Mid America's Title Commitment No. 125266 is sufficiently original to merit copyright protection.

■ Originality is both a statutory and constitutional requirement. *See Feist,* 499 U.S. at 347, 111 S.Ct. at 1288. "Original, as the term is used in copyright, means only that the work was independently created by the author ... and that it possesses at least some minimal degree of creativity." *Id.* at 345, 111 S.Ct. at 1287. Mid America acknowledges that individual facts are not copyrightable because they are not independently created by the author and are therefore not original. Thus, any data copied from Mid America's title commitment, such as preexisting factual information regarding the Frankfort property's legal description, taxes, mortgage and other encumbrances, are not copyrightable.[2] Furthermore, the amount of time and effort which Mid America invested in order to gather and report such information is irrelevant to our inquiry, since originality, and not industry, is the touchstone of copyright protection. *See id.* at 354–55, 111 S.Ct. at 1292–93. (specifically rejecting the "sweat of the brow" doctrine). Mid America must therefore show that the compilation of facts which Kirk allegedly copied features an original selection or arrange-

---

**2.** Mid America does not claim to have added any original, written expression to the factual information contained in its title insurance commitment. *See Feist,* 499 U.S. at 348, 111 S.Ct. at

1289 (noting that "if the compilation author clothes facts with an original collocation of words, he or she may be able to claim a copyright in this written expression").

ment. 17 U.S.C. § 101; *Feist*, 499 U.S. at 350–51, 111 S.Ct. at 1290–91.

Mid America makes no claim that its arrangement of the preexisting facts is original, nor does it even allege that Kirk copied the format or arrangement of its factual compilation. Instead, Mid America contends that its selection of factual information entailed sufficient originality to merit copyright protection. Specifically, Mid America argues that its data selection is original because it used at least a minimal level of creativity in deciding which facts to include in Title Commitment No. 125266. Kirk responds that no creativity was shown in the selection of these facts because the title examiner was restricted by external forces to simply list all the factual information that affects the marketable title of the Frankfort property.

■ Although the originality requirement does not impose a high threshold of creativity, the selection of facts cannot be "so mechanical or routine as to require no creativity whatsoever." *Feist*, 499 U.S. at 362, 111 S.Ct. at 1296. After reviewing the record in this case, we conclude that the selection process used to prepare Mid America's Title Commitment No. 125266 fails to meet this minimal level of creativity. Selecting which facts to include in this compilation of data was not a matter of discretion based on Mid America's personal judgment or taste, but instead it was a matter of convention and strict industry standards. As the affidavits introduced by Kirk suggest, all title examiners preparing a proper title commitment for the Frankfort property would have referred to the same sources of information and ultimately would have selected the same facts to include in their title commitments. *See Victor Lalli Enterprises v. Big Red Apple, Inc.*, 936 F.2d 671, 672 (2d Cir.1991) (holding that betting charts are not sufficiently original to merit copyright protection because "[u]nless a publisher were to make a mistake, the information in the charts does not vary in the slightest as between publishers and is derived from commonly ascertainable sources"). In essence, Mid America's selection of the facts that were allegedly copied from Title Commitment No. 125266 was too rote and mechanical a task to constitute an original

element of the work. We do not mean to hold that a title commitment can never be copyrightable; rather, we hold that in this case the element of selection was not sufficiently original to merit copyright protection.

■ In an effort to show that the preparation of Title Commitment No. 125266 entailed sufficient selective judgment to satisfy the *Feist* originality requirement, Mid America submitted an affidavit of its President, Thaddeus M. Bond, Sr., in which Bond explains a variety of different decisions that the title examiner assertedly made in preparing this title commitment for the Frankfort property. On appeal, Mid America contends that the Bond affidavit was not accorded proper weight because the magistrate judge stated: "Although Mr. Bond can testify to the general decision-making processes which, in his opinion and experience are required in preparing title commitments, his testimony regarding the examiner's specific decision-making process in this case is hearsay." *Mid America Title Co. v. Kirk*, 867 F.Supp. 673, 682 (N.D.Ill.1994). We find no error in the district court's ruling that the Bond affidavit was inadmissible to the extent it purported to reconstruct the title examiner's mental processes regarding selection, since Bond lacked personal knowledge of any such details. *See* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). Furthermore, we agree with the magistrate judge's observation that Bond's affidavit actually undermines Mid America's originality argument because if Bond can ascertain the reasons that a title examiner included or rejected certain pieces of factual information after merely reviewing the title examiner's file folder and title commitment, then this "suggests that such selections are indeed driven by convention rather than originality." *Mid America Title Co.*, 867 F.Supp. at 682.

In addition, we note that in preparing this title commitment for the Frankfort property, Mid America was dealing with a limited universe of available data. Since external forces dictated that Mid America was to list all facts

which affect marketable title, there was no room for creativity in determining which liens or which encumbrances to include in the title commitment. The title examiner simply was not called upon to exercise his subjective judgment. Thus, the case at bar is distinguishable both from *Eckes v. Card Prices Update,* 736 F.2d 859, 863 (2d Cir.1984), in which a baseball card price guide was held to be copyrightable because subjective judgment was shown in selecting which 5,000 cards among a total of 18,000 cards should qualify as "premium" cards, and from *Key Publications, Inc. v. Chinatown Today Publishing Enterprises,* 945 F.2d 509, 512 (2d Cir.1991), in which a Chinese–American telephone directory was held to be copyrightable because subjective judgment was shown in selecting which businesses in New York City would be of greatest interest to the Chinese–American community.

In short, Mid America fails to show that the selection process in this case involved some kind of creative spark. The evidence demonstrates that Title Commitment No. 125266 simply contains a list of all the facts which affect marketable title to the Frankfort property and that no creativity was shown in the selection of these facts from the domain of facts that could have been included in the title commitment. We therefore conclude that the material copied from Mid America's title commitment lacks the requisite originality to merit copyright protection.

### III.

For the reasons set forth above, the judgment of the district court is AFFIRMED.