In the

# United States Court of Appeals

### For the Seventh Circuit

---

No. 05-4120

VITALIY KORSUNSKIY,

*Petitioner,*

*v.*

ALBERTO R. GONZALES, Attorney General
of the United States,

*Respondent.*

---

Petition for Review of an Order
of the Board of Immigration Appeals

---

ARGUED AUGUST 9, 2006—DECIDED AUGUST 23, 2006

---

Before POSNER, COFFEY, and EASTERBROOK, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Vitaliy Korsunskiy emigrated to the United States from Ukraine and in 1994 received permission to remain as a permanent resident. Unfortunately he chose to violate several criminal statutes and accumulated at least three convictions (one for theft, one for disorderly conduct with a weapon, and one for attempted theft); immigration officials believe that these are "crimes of moral turpitude." When he tried to reenter the United States after a trip abroad, Korsunskiy was stopped and served with a notice that the convictions rendered him inadmissible. Convictions for crimes of moral turpitude bar an alien from the United States and

cut off various avenues of discretionary relief from that exclusion. If none of Korsunskiy's convictions is for a crime of moral turpitude then he is entitled to seek a waiver of inadmissibility under 8 U.S.C. §1182(h), and if only one of his convictions is for a crime of moral turpitude then he is eligible for a petty-offense exception. But any one crime of moral turpitude will cut off Korsunskiy's entitlement to judicial review of the resulting discretionary decision, restricting our role to a search for pure errors of law. See 8 U.S.C. §1252(a)(2)(C), referring to 8 U.S.C. §1182(a)(2); the exception is in §1252(a)(2)(D).

Korsunskiy proceeded to minimize his chance of prevailing by appearing at the hearing without counsel (though he had ample opportunity to retain a lawyer). He conceded that his convictions make him inadmissible, and when both the lawyer for the agency and the immigration judge stated that these convictions make him ineligible for discretionary relief he did not reply. His only argument was that he has a medical condition that is likely to receive better care in the United States than in Ukraine; the IJ responded that the convictions cut off Korsunskiy's entitlement to relief on humanitarian grounds, though the IJ added that he could still ask administrative officials not to execute the order of removal (a decision that is not reviewable as a result of 8 U.S.C. §1252(g)).

Perhaps recognizing that he should not have attempted to go it alone, Korsunskiy then engaged counsel, who prosecuted an administrative appeal on his behalf. But the appeal contested the characterization of only two of the three convictions; one (the conviction for theft) was and is conceded to be a "crime of moral turpitude." The brief argued that the other two do not count: one is civil rather than criminal, counsel maintained, and the other is too trivial to support removal. Counsel insisted that a single countable conviction that led to a sentence under six months does not cut off all possibility of discretionary relief,

as the IJ (thinking that Korsunskiy had three convictions for crimes of moral turpitude) had supposed. That did not persuade the Board of Immigration Appeals, which affirmed without opinion.

Korsunskiy's petition for judicial review has been met with the contention that because at least one conviction for a crime of moral turpitude is established (indeed conceded), we must dismiss for lack of jurisdiction. We retain authority to entertain strictly legal points, and the classification of a conviction (as "crime of moral turpitude" or "aggravated felony" or "petty offense" or any of several other categories that matter to immigration status) is a legal question. See *Yang v. INS*, 109 F.3d 1185 (7th Cir. 1997). But there's a further problem: a legal point is available in court only if it was properly presented to the agency. 8 U.S.C. §1252(d)(1).

The agency contends that this exhaustion requirement, too, is "jurisdictional." It is not. See *Abdelqadar v. Gonzales*, 413 F.3d 668, 670-71 (7th Cir. 2005). Exhaustion is a condition to success in court but not a limit on the set of cases that the judiciary has been assigned to resolve. A genuine jurisdictional limit keeps the case or controversy out of court; case-processing rules for disputes that the federal judiciary has been authorized to resolve are not "jurisdictional." See *Eberhart v. United States*, 126 S. Ct. 403 (2005). The agency therefore may waive or forfeit the exhaustion issue, something that it could not do for a genuinely "jurisdictional" limit.

Instead of waiving or forfeiting anything, however, the agency has stood on its rights. It points out, correctly, that counsel's arguments to the Board and this court were not presented to the immigration judge, so by the time they were raised on administrative appeal it was already too late. Korsunskiy responds that exhaustion should be unnecessary when an alien appears *pro se*. The immigration judge has a duty not to mislead an alien and ensure that

there is good ground for removal of exclusion. The absence of counsel, in other words, is not an adequate justification for ruling against the alien; the agency still must prove its contentions in a fairly conducted proceeding. Yet how can this line of argument get around §1252(d)(1)? That statute says that exhaustion is essential. What the IJ should or should not have done may be a good issue to raise on an administrative appeal; it is not a reason to bypass the administrative process entirely. Korsunskiy (who had counsel on appeal to the BIA) did not ask for a remand on the ground that the IJ had erred in the conduct of the hearing by failing to protect a *pro se* litigant from his own folly. Any argument that forfeitures at the hearing level should be overlooked thus has been forfeited (i.e., not exhausted) by its omission from the administrative appeal.

Had that argument been raised it would not have been successful. First, Korsunskiy did not forfeit his points before the IJ; he *waived* them by agreeing with the charge that he was excludable as an alien who had been convicted of crimes of moral turpitude. A criminal defendant who pleads guilty can't contend later that the charge did not establish a crime or that he had a good defense. See, e.g., *United States v. Broce*, 488 U.S. 563 (1989). Just so with the administrative equivalent of a guilty plea. Waiver means that there is no error, and doctrines that allow relief from (some kinds of) forfeiture do not apply. See, e.g.*, United States v. Olano*, 507 U.S. 725, 732-35 (1993).

Second, any argument that aliens' errors must be excused, and that immigration judges must act as the aliens' advocates rather than as neutral adjudicators, would make an already cumbersome process impossible to administer. Then the only good advice a lawyer could give would be to appear *pro se*—for either the IJ would recognize any meritorious defense the alien possessed or be reversed (and the process extended) if he did not. No lawyer could do more for the alien, and many a lawyer would do less (as by

forfeiting some helpful point, or leaving an important fact out of the record). That's reason enough not to adopt the approach.

Judges often say that filings by *pro se* litigants should be liberally construed, so that a lay person's unfamiliarity with legal lingo does not lead to the loss of a good claim. See *Haines v. Kerner*, 404 U.S. 519 (1972). If the judge can see what the *pro se* litigant is driving at, that is enough. But this principle does not relieve litigants from the need to take those steps required to present and preserve their claims. For example, an unrepresented person cannot get litigation under way without filing a complaint and any other necessary documents. See *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984). And many steps as the case progresses must be accomplished correctly, and on time, on pain of forfeiture:

> [W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp.* v. *Silver,* 447 U.S. 807, 826 (1980).

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (footnote omitted). So a criminal defendant who waives counsel, and pleads guilty, can't contend later that had he only received better legal advice he would have gone to trial. An alien charged with acts that make him excludable (or removable) likewise must choose between acknowledging the charges' validity or mounting a defense. Korsunskiy chose the former and cannot complain about his own decision.

Korsunskiy has at least one conviction for a crime of moral turpitude, so we cannot go beyond points of law

under 8 U.S.C. §1252(a)(2)(D). Every opportunity to present such a legal argument has been waived, forfeited, or both. This means that we lack jurisdiction, and the petition accordingly is dismissed.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*