UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 11, 2006[*]
Decided October 17, 2006

Before

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

No. 06-2188

ANGELA E. BROOKS-NGWENYA,
*Plaintiff-Appellant*,

*v.*

JAMES THOMPSON, *et al.*,
*Defendants-Appellees*.

Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.

No. 1:05-cv-1469-LJM-WTL
Larry J. McKinney, *Chief Judge*.

## Order

Angela Brooks-Ngwenya contends that, while working for the Indianapolis Public Schools, she devised a set of educational materials for use with underachieving middle-school students. According to her complaint (which is all we have to go on at this stage), the school system and some of its employees initially responded with hostility but, after discovering that the materials worked, copied them without permission or compensation. The complaint was filed in state court and removed under 28 U.S.C. §1441 because the copyright claim arises under federal law. The district court dismissed the copyright claim with prejudice after Brooks-Ngwenya conceded that she had not registered her work with the Copyright Office. The court

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

then remanded the remaining claims, based as they are on state law. See 28 U.S.C. §1441(c).

Registration is a condition to copyright-infringement litigation. "[N]o action for the infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. 411(a). Although Brooks-Ngwenya asserts that she failed to register because she did not understand the necessity of that step, and then because she "was distracted from following through" because of "interruptions coming from … staff members", that is irrelevant. The statute makes registration or preregistration necessary. That's all there is to it. Registration is not complex (it is no harder that filing a lawsuit), and distractions must be overcome if authors want to litigate.

Brooks-Ngwenya tells us that she registered the work on May 19, 2006, while her appeal was pending. That is too late to save this litigation. A rule in the form "no action shall be instituted until…" means that the condition must be fulfilled before the litigation begins. Satisfaction of the condition while the suit is pending does not avoid the need to start anew. See, e.g., *McNeil v. United States*, 508 U.S. 106 (1993) (Federal Tort Claims Act, which provides that no action may be instituted until an administrative claim has been made and resolved, requires dismissal of a suit filed before the administrative claim's resolution, even if that step occurs while the suit is pending); *Hallstrom v. Tillamook County*, 493 U.S. 20 (1989) (statutory requirement to wait 60 days after notice before filing suit requires outright dismissal of premature action rather than keeping it inactive on the docket for the 60-day period); *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999) (same approach for exhaustion of administrative remedies under 42 U.S.C. §1997e(a)).

Failure to satisfy a condition to litigation does not imply, however, that the plaintiff loses outright. A suit that is premature because a condition to litigation remains unsatisfied must be dismissed without prejudice. See *Ford v. Johnson*, 362 F.3d 395 (7th Cir. 2004). If the condition can be satisfied while time remains in the statute of limitations, then a new suit may be filed and resolved on the merits. We do not see any indication that a fresh copyright suit would be untimely. Potentially infringing use of the materials is ongoing (according to Brooks-Ngwenya), and each new copy is a fresh wrong, with its own three-year period of limitations. See 17 U.S.C. §507(b); *Courtis v. Cameron*, 419 F.3d 989 (9th Cir. 2005). So the distinction between dismissal with and without prejudice may be vital to Brooks-Ngwenya's entitlements.

Brooks-Ngwenya included a federal trademark claim in her complaint but did not press it in the district court, where the judge treated it as abandoned and dismissed it with prejudice. The subject is scarcely mentioned in plaintiff's appellate brief. This contention has been forfeited.

Plaintiff's reply brief discusses at length a charge of race discrimination under Title VII of the Civil Rights Act of 1964. As far as we can see, however, no such

claim was included in the complaint; the reply brief may be discussing a different piece of litigation entirely.

The judgment of the district court is modified to dismiss the copyright claim without prejudice, and as so modified is affirmed.