NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 16, 2008*
Decided April 29, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-2268

FA XING XU,
    *Petitioner*,

        *v.*

MICHAEL B. MUKASEY,
Attorney General of the United States,
    *Respondent*.

Petition for Review of an Order of the Board of Immigration Appeals.

**Order**

    Fa Xing Xu, a citizen of China, entered the United States with forged documents and has been ordered removed. He contends that he is entitled to asylum because, if returned to China, he will be persecuted as one who has distributed handbills on behalf of Falun Gong, a movement that China has outlawed.

    Xu testified that his mother is a practitioner of Falun Gong, and that, after concluding that his mother's meditations as part of Falun Gong practice had ameliorated her

---

    * After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

insomnia, he distributed flyers to frail old women informing them where they, too, could practice Falun Gong. He told the immigration judge that he was arrested for giving out a leaflet and detained for five days. While detained he was subject to lengthy interrogation and occasional beatings. At a hospital for treatment of his injuries, Xu bribed a guard and escaped, staying with his aunt for six months until leaving for the United States. The immigration judge did not believe Xu's story and added that, even if everything he said is true, the events were not serious enough to establish past persecution or show that future persecution is likely. The IJ noted that Xu is not a practitioner of Falun Gong and that his mother, who is, has not been arrested or harried.

The Board of Immigration Appeals thought it likely that this court would reject the IJ's credibility findings, which were based on large measure on Xu's failure to produce evidence (beyond his own testimony) that he had been arrested and beaten. But in the Board's view the IJ's decision could be sustained on the second ground: that the risk to which non-practitioners such as Xu is exposed is too low to constitute persecution, and that Xu could reduce any residual risk by refraining from promoting Falun Gong. He is not a practitioner, so China's insistence that Falun Gong not be promoted cannot be viewed as persecution on account of Xu's own politics or social group.

A considerable portion of Xu's brief in this court is devoted to arguments that were not presented to the BIA. He contends, for example, that China persecutes citizens who left by stealth (as he did) and later return. He maintains that local officials issued a wanted posted with his name and picture on it. He submits that China will persecute his mother and father because they are related to someone who has announced his desire to be elsewhere (and to hand out leaflets for Falun Gong). But none of these arguments was presented to the Board—and, after the agency pointed this out and invoked the rule that exhaustion of administrative remedies is essential, see *Korsunskiy v. Gonzales*, 461 F.3d 847 (7th Cir. 2006); *Abdelqadar v. Gonzales*, 413 F.3d 668, 670–71 (7th Cir. 2005), Xu did not file a reply brief. We therefore accept the agency's position that these arguments were not preserved in the administrative process. Failure to exhaust means that none of these arguments is before us.

What has been preserved is whether past promotion of Falun Gong exposes Xu to a enough of a risk, should he return, that he is entitled to asylum. But how much risk is "enough" is a question for the agency, unless it makes a decision that is arbitrary or not supported by substantial evidence. Neither the record assembled in this proceeding, nor general materials such as the State Department's country reports or the analyses of groups such as Amnesty International, establishes that promoters (as opposed to practitioners) of Falun Gong are at serious risk of persecution in China. Indeed, this record shows that at least one practitioner, Xu's mother, has been left alone. Xu is not obliged by his political or religious beliefs to promote Falun Gong, so the agency did not act arbitrarily in concluding that the risk he faces if returned to China is tolerable and largely within his own control. The Board was entitled to take the State Department's country

report into consideration when making that decision. To be sure, the agency is not entitled to ignore other evidence, but it did not do that. No rule of law disables the Department of Justice from listening to the Department of State's perspective on how a foreign nation treats its citizens.

Xu maintains that he suffered detention and injury as a result of his activities. Past persecution creates a presumption of future persecution. But again how much is too much—where the line stands between harassment and "persecution"—is for the agency, unless it acts irrationally or violates a rule of law. Xu does not point to any decision holding that the agency *must* find that five days' detention and abuse by the police equates to "past persecution". Quite the contrary, the question whether Xu suffered past persecution is yet another subject that he did not raise before the BIA and so cannot pursue in this court.

The petition for review is denied.