**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 8, 2008
Decided June 4, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3108

| | |
|---|---|
| JIAN XIN DUAN, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals |
| | |
| *v.* | No. A97-391-337 |
| | |
| MICHAEL B. MUKASEY, | |
| *Respondent*. | |

**O R D E R**

Jian Xin Duan, a Chinese citizen, petitions for review of the order of the Board of Immigration Appeals (BIA) denying his application for asylum.  Duan contends that the immigration judge (IJ) erred in finding his testimony that he suffered persecution in China as a practitioner of Falun Gong not credible.  Duan did not exhaust this claim before the BIA; accordingly, we deny the petition for review.

## Background

In August 2003 Duan arrived at Miami International Airport without a passport or visa, so he was detained and placed in removal proceedings. Duan later conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). As the sole ground for his application, Duan asserted that he is a practitioner of Falun Gong and, as a consequence, had been "detained . . . for ten hours in 1999." At Duan's request, venue was changed to Chicago.

Duan's hearing in Chicago was postponed twice: the first time the IJ had not yet received his asylum application, and the second time Duan's counsel failed to appear. But in June 2006 the removal hearing resumed. At the start of the hearing, Duan disclosed an alias that he had not mentioned in his asylum application. He then testified that his wife, daughter, parents, and siblings all live in China. Duan asserted that he was forced to flee because he "received pressure from the Chinese government for practicing Falun Gong." According to Duan, he began practicing Falun Gong in 1997 because he had "fluid in his lung" and hoped he could improve his health. Duan stated that his practice of Falun Gong had helped him to recover, and that he had not seen a doctor since he arrived in the United States.

Duan then revealed that he had made an earlier trip to the United States in November or December 1997. He had not previously informed his attorney about that trip, nor had he disclosed the prior entry on his asylum application. In order to gain entry that first time, Duan asserted, he had presented a Taiwanese passport bearing yet another alias, but he also possessed a Chinese passport in his real name. When asked what steps he took to acquire the Chinese passport, Duan said only that he paid the standard application fee to the government.

According to Duan, he first left China and came to the United States in 1997 because his illness prevented him from continuing his job as a cook in a candy factory, where he had worked for more than 20 years. His bosses at the factory had not been paying him, so he and other employees went to the administration office to reason with them, but a fight ultimately broke out. Duan and his coworkers were arrested and detained for several hours by the police, and this incident caused him to flee to the United States. But, Duan testified, he was detained when he arrived in the United States and then "volunteered to return back home" in February 1998 because he was unaware that "there was asylum available in the United States." Duan asserted that immigration officials had not told him about his right to a credible-fear interview when they apprehended him.

Duan also testified that in July 1999, after he returned to China, a neighbor informed the police that he was practicing Falun Gong. According to Duan, a police officer arrested and detained him for more than ten hours, during which time the officer stressed that Duan should desist his practice of Falun Gong. In the four years between this arrest and his departure from China in 2003, Duan continued, he received additional threats from the police and other "government officials" that he would be arrested if he continued practicing Falun Gong. But when asked what specifically prompted him to leave, Duan replied that he feared for his safety because he had been "reported" to the police after returning to the candy factory in March 2003 to demand money owed him by his former bosses. Duan insisted that if he returns to China he will be arrested because of his dispute with the factory owners, and because of his practice of Falun Gong.

On cross-examination Duan testified that he bought a Chinese passport from the local Falun Gong organization in 2003 and used it to travel to Miami via Russia, Honduras, and Cuba. He destroyed the passport, he said, before landing in Miami. He also testified that he traveled to the United States alone. That testimony contradicted his initial interview at the Miami airport when Duan said that he traveled with another man whom he paid $20,000 to get him into the country. Duan acknowledged the inconsistency but claimed that he told the interviewer that story because he was afraid that he might be arrested and sent back to China. The agency's attorney then pointed out that in his asylum application Duan had not mentioned the altercation at the candy factory in 1997 and his subsequent arrest. Though the question on the application specifically asked about prior arrests, Duan asserted that he thought the arrests in 1997 and 1999 were "separate issues."

The IJ denied Duan's application. He noted the many inconsistencies in Duan's testimony and found that Duan was not a credible witness. The IJ also pointed out that Duan had lived openly as a Falun Gong practitioner in China from February 1998 to August 2003, and only came into contact with the police when he returned to the candy factory to demand payment. The IJ suggested that Duan's desire to remain in the United States was motivated by economic reasons, rather than his purported involvement in Falun Gong.

Duan appealed to the BIA. He did not file a brief. Instead, in his notice of appeal he offered a three-sentence statement of the grounds for his appeal: (1) the IJ violated his right to due process by "sua sponte" questioning him during the hearing, (2) the denial of his application was "both prejudicial and biased," and (3) he had "proven his case for asylum." In its order dismissing Duan's appeal, the BIA concluded that the IJ's questions were within the scope of his authority and that no evidence supported Duan's claim that the IJ was prejudiced against him. The BIA also determined that Duan's contention that he had

"proven his case for asylum," without any discussion of the relevant law or facts, was too unspecific to permit review.

## Analysis

In his petition for review, Duan addresses only his asylum application and thus has abandoned his claims for withholding of removal and relief under the CAT. *See Mema v. Gonzales*, 474 F.3d 412, 421 (7th Cir. 2007); *Ahmed v. Gonzales*, 467 F.3d 669, 676 (7th Cir. 2006). His only contention in this court is that the IJ's adverse credibility finding is not supported by substantial evidence. The BIA did not expressly adopt the IJ's findings; therefore, we review the decision of the BIA. *See Moab v. Gonzales*, 500 F.3d 656, 659 (7th Cir. 2007); *Gonzalez v. INS*, 77 F.3d 1015, 1023 (7th Cir. 1996). We will uphold the BIA's denial of a petition for asylum so long as it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Liu v. Ashcroft*, 380 F.3d 307, 312 (7th Cir. 2004).

Here Duan seeks to challenge the IJ's credibility finding, but he did not present this claim to the BIA. Duan's failure to exhaust the claim prevents us from reviewing it. *See Alimi v. Gonzales*, 489 F.3d 829, 837 (7th Cir. 2007); *Korsunskiy v. Gonzales*, 461 F.3d 847, 849 (7th Cir. 2006).[*]

And even if we could reach the merits of Duan's claim, the IJ's reasons for finding him not credible are both specific and cogent. *See Song Wang v. Keisler*, 505 F.3d 615, 620 (7th Cir. 2007); *Tandia v. Gonzales*, 487 F.3d 1048, 1052 (7th Cir. 2007). Duan originally told the interviewer at the airport that he arrived with another passenger, whom he paid $20,000, but then at the removal hearing he testified that he traveled alone and paid much less money for his travel documents. We have previously noted that as soon as it becomes clear that a petitioner has directly contradicted his earlier sworn statement, it is "appropriate for the IJ to doubt his credibility and decline to accept his testimony at face value." *Singh v. Gonzales*, 487 F.3d 1056, 1060 (7th Cir. 2007). Before the removal hearing Duan also withheld from immigration officials and even his own attorney that he previously had been caught after using an alias and fraudulent passport to enter the United

---

[*] The agency also contends that Duan's failure to exhaust his claim deprives this court of jurisdiction over the petition for review. But as we have previously explained, the exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not a jurisdictional limit. *See Korsunskiy*, 461 F.3d at 849 ("Exhaustion is a condition to success in court but not a limit on the set of cases that the judiciary has been assigned to resolve."); *Abdelqadar v. Gonzales*, 413 F.3d 668, 670-71 (7th Cir. 2005) ("Our jurisdiction is supplied by the alien's timely petition for review of the agency's final decision.").

States.  Additionally, based on his own testimony, Duan's trouble with the police seems more related to his disputes with his former employer than his practice of Falun Gong.

For these reasons, we DENY the petition for review.