In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1973

ANGELA E. BROOKS-NGWENYA,

*Plaintiff-Appellant,*

*v.*

INDIANAPOLIS PUBLIC SCHOOLS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:07-CV-00067-SEB-JMS—**Sarah Evans Barker**, *Judge*.

SUBMITTED FEBRUARY 11, 2009—DECIDED APRIL 15, 2009

Before POSNER, WILLIAMS, and TINDER, *Circuit Judges*.

PER CURIAM. Angela Brooks-Ngwenya claims that the Indianapolis Public Schools infringed a copyrighted educational program that she had developed while working for the school system. She also accuses the school system of employment discrimination. The district court granted summary judgment for IPS.

She had been promoted in October 2002 to classroom assistant at Gambold Middle School. During that school

year she developed "TIRS"—Transitioning Into Responsible Students—to assist underachievers at Gambold. According to Brooks-Ngwenya, IPS promised to buy TIRS and hire her as a permanent classroom coordinator if the program proved successful. But IPS did not buy TIRS or give Brooks-Ngwenya a permanent job, and yet, she says, the school system continued to use the program after she was terminated in October 2003.

In December 2004 she sued IPS, alleging racial discrimination. That suit settled and was dismissed, and as part of the settlement she relinquished all claims of employment discrimination arising under federal law in connection with her tenure at IPS. *Brooks-Ngwenya v. Indianapolis Public Schools*, No. 1:04-CV-01980 SEB-VSS (S.D. Ind. July 6, 2005). Some months later she sued IPS in state court, claiming that the school system had infringed her copyright in TIRS. She added a trademark claim and state-law claims for tort and breach of contract. The suit was removed to federal court, and the district court dismissed with prejudice the federal claims and one of the tort claims and relinquished jurisdiction over the remaining state-law claims. *Brooks-Ngwenya v. Thompson*, No. 1:05-CV-1469-LJM-WTL (S.D. Ind. Mar. 3, 2006). Brooks-Ngwenya appealed, and in October 2006 we modified the dismissal of the copyright claim to be without prejudice but otherwise affirmed the judgment. *Brooks-Ngwenya v. Thompson*, 202 F. App'x 125 (7th Cir. 2006).

She returned to the district court in January 2007, renewing her copyright claim and resurrecting claims of employment discrimination that had been raised and

settled in her first lawsuit. The district court granted summary judgment for IPS, ruling that she could not prevail on her copyright claim because, in the court's view, registration is a prerequisite to suit and she had conceded that her application to register TIRS had been rejected by the Copyright Office. The court added that she had no evidence that TIRS qualifies for copyright protection and that the employment-discrimination claims were precluded by the settlement of her first lawsuit.

Compliance with the registration requirements of 17 U.S.C. § 411(a) is not a condition of copyright protection but is a prerequisite to suing for infringement. 17 U.S.C. § 411(a); *Automation By Design, Inc. v. Raybestos Prods. Co.*, 463 F.3d 749, 752 n.1 (7th Cir. 2006). The circuits have split over whether registration is complete when an application is made or only after the Copyright Office has acted on the application. Compare *Action Tapes, Inc. v. Mattson*, 462 F.3d 1010, 1013 (8th Cir. 2006) (application is sufficient), and *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 365 (5th Cir. 2004) (same), with *Jennette v. United States*, 77 Fed. Cl. 126, 131 (2007) (action on application is required); *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1201 (10th Cir. 2005) (same); cf. *Chicago Board of Education v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003) ("an application for registration must be filed before the copyright can be sued upon").

The Supreme Court has granted certiorari to decide whether compliance with the registration requirements is a precondition to the subject-matter jurisdiction of the federal courts. *In re Literary Works in Electronic Databases*

*Copyright Litigation*, 509 F.3d 116 (2d Cir. 2007), cert. granted (U.S. Mar. 2, 2009) (No. 08-103). But however that issue is resolved, the Copyright Office had acted on Brooks-Ngwenya's application before she filed this lawsuit, and section 411(a) is explicit that an applicant refused registration may still sue for infringement. 17 U.S.C. § 411(a); *Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004); *Torres-Negrón v. J & N Records, LLC*, 504 F.3d 151, 160 (1st Cir. 2007).

But the applicant must notify the Register of Copyrights. For 17 U.S.C. § 411(a) provides (emphasis added) that

> in any case . . . where the deposit, application, and fee required for registration *have been delivered to the Copyright Office in proper form and registration has been refused*, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue.

The notification requirement is undemanding: the complaint must merely be sent by registered or certified mail to the general counsel of the Copyright Office. Complaints Served on the Register of Copyrights Pursuant to 17 U.S.C. § 411(a), 37 C.F.R. § 205.13. The requirement "merely provides that the Office must be accorded a second op-

portunity to express its views on the claim's validity after suit is filed if it has refused to recognize the claim before the suit is filed. Of course, the court is not bound by the views expressed by the Register in a case in which suit is filed despite his refusal to register the claim." S. REP. NO. 100-352, at 14 n. 2 (1988), 1988 U.S.C.C.A.N. 3706, 3719 n. 2.

There is no evidence that Brooks-Ngwenya gave notice of her suit to the Register of Copyrights. So if serving notice on the Register is a jurisdictional requirement, we must enforce it even if the parties and the district court ignored it. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 73 (1997); *United States v. Smith,* 438 F.3d 796, 799 (7th Cir. 2006). If instead it is simply a case-processing rule, we still must decide whether the district court should have insisted on strict compliance. *Korsunskiy v. Gonzales*, 461 F.3d 847, 849 (7th Cir. 2006).

The Supreme Court has cautioned that "jurisdiction" is a word with " 'many, too many, meanings,' " *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 90 (1998) (quoting *United States v. Vanness*, 85 F.3d 661, 663, n.2 (D.C. Cir. 1996)), and admonished litigants and courts alike not to describe every mandatory rule as "jurisdictional." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). "The law is full of rules that are mandatory in the sense that courts must enforce them punctiliously if a litigant insists. Rules are not jurisdictional, however, no matter how unyielding they may be, unless they set limits on the federal courts' adjudicatory competence." *Farzana K. v. Indiana Department of Education*, 473 F.3d 703, 705 (7th Cir. 2007).

The federal courts have exclusive jurisdiction of copyright cases, 28 U.S.C. § 1338(a); *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 n.4 (7th Cir. 1996), and section 411(a) simply prescribes the manner in which courts exercise that jurisdiction. Moreover, "the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue." 17 U.S.C. § 411(a). The suit proceeds with or without his participation and therefore the statutory notification provision does not prescribe what class of cases the court may hear.

Even though nonjurisdictional, the notification requirement is a prerequisite to suit. Congress wanted to ensure that the Copyright Office could intervene and defend its refusal to register a work, *In re Literary Works*, 509 F.3d at 131 (dissenting opinion); S. REP. NO. 100-352, at 14 n. 2, 1988 U.S.C.C.A.N. 3706, 3719 n. 2, as in other statutes that require notification of and an opportunity for intervention in a private suit. Examples are qui tam actions under the False Claims Act, *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995), and a federal employee's obligation to notify the Equal Employment Opportunity Commission before bring a suit for employment discrimination. *Forester v. Chertoff*, 500 F.3d 920, 928 (9th Cir. 2007). While not "strictly jurisdictional" these requirements are nevertheless "mandatory." *Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989).

But courts enforce mandatory (though nonjurisdictional) rules—even if the parties do not raise them—in a variety of ways. If the failure to follow the statutory procedure has caused irreparable harm, the suit should be dismissed.

*United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 (2d Cir. 1995). If not, no sanction may be necessary. *United States ex rel. Lujan v. Hughes Aircraft Co., supra*, 67 F.3d at 245. Similarly, if the attorney general was not notified of a constitutional challenge to a statute, belated notification might satisfy the requirement of notification. *Tonya K. ex rel. Diane K. v. Board of Education*, 847 F.2d 1243, 1247 (7th Cir. 1988); *In re Young*, 82 F.3d 1407, 1412 (8th Cir. 1996).

The district court should have insisted on Brooks-Ngwenya's compliance with the requirement that she notify the Copyright Office about her lawsuit. Otherwise the Register would have no opportunity to choose to defend the decision to deny registration. But the point is now academic, because the Register *did* weigh in during the litigation, not by intervening but by granting Brooks-Ngwenya's renewed application. Copyright Catalog, http://cocatalog.loc.gov. We are free to recognize that fact even though the district court was incorrectly persuaded by IPS that it could not. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (concluding that court may take judicial notice of registry). The purpose of the notification requirement having been fulfilled, we can proceed to the merits.

The record includes documents related to TIRS—a proposal for the program, for example, and documents explaining how the program is designed to work. The proposal and the other documents are copyrightable, as the Copyright Office ultimately concluded. But the infringement claim fails nevertheless because Brooks-

Ngwenya did not prove or try to prove that IPS copied any of the materials protected by her copyright. Her complaint is that IPS copied her ideas for better educating students—that is, copied the TIRS program, which is a system of rewards and recognition for students. Copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C § 102(b); see *Publications Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 479 (7th Cir. 1996); *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). It is not the idea that is protected, but rather the original expression of the idea. Because Brooks-Ngwenya has not shown that the form of words in which she embodied her ideas was copied, she cannot prevail in an infringement action. *Mag Jewelry Co. v. Cherokee, Inc.*, 496 F.3d 108, 114 (1st Cir. 2007); *Mid American Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995).

As for employment discrimination, Brooks-Ngwenya's claims, which are based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and on the Equal Pay Act of 1963, 29 U.S.C. § 206(d), were raised in her first suit, *Brooks-Ngwenya v. Indianapolis Public Schools*, No. 1:04-CV-1980-SEB-VSS (S.D. Ind. July 6, 2005). When the parties settled that suit, they stipulated to a dismissal with prejudice. Such a dismissal is a final judgment for purposes of claim preclusion (collateral estoppel, in an older vocabulary) and so bars the present suit. *Cole v. Board of Trustees*, 497 F.3d 770, 773 (7th

Cir. 2007); *Golden v. Barenborg*, 53 F.3d 866, 871 (7th Cir. 1995).

Affirmed.