**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 23, 2010
Decided August 4, 2010

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

WILLIAM J. HIBBLER, *District Judge**

| | |
|---|---|
| No. 09-3386 | On Petition for Review from a Decision of the Board of Immigration Appeals |
| ROBERT BOLDYREW, | |
| | Agency No. A27-893-828 |
| *Petitioner*, | |
| *v.* | |
| ERIC H. HOLDER, JR., Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

In a time of controversy over our immigration laws and their enforcement, Robert Boldyrew is in some respects the type of immigrant would be welcome to stay if he followed the rules. He has built a successful business from scratch. He is the sole provider

_____

 * Hon. William J. Hibbler, District Judge for the Northern District of Illinois, is sitting by designation.

for his disabled wife, his two daughters, and his elderly father.  All four of these dependants are United States citizens.  And other than his illegal presence in the country, he has committed no crimes.  Despite these virtues, his respect for our immigration laws appears lacking, to put it mildly: he was ordered removed nineteen years ago and has remained here illegally ever since.  After more than twenty years of belated attempts to settle his immigration situation, Boldyrew comes before this court for the first time on a petition for review of the Board of Immigration Appeals' denial of his motion to reconsider its denial of his untimely motion to reopen.  Because we have no basis to disturb the Board's decision, we deny his petition.

I.

Boldyrew first came to the United States from Poland as a visitor for pleasure in 1985, when the Soviet-supported communist regime still clung to power. His visa expired a few months later and in 1987 he filed an unsuccessful application for asylum with the former Immigration and Naturalization Service. A year later, the INS issued an Order to Show Cause to Boldyrew, charging him with removability for remaining in the country longer than his visa permitted.

Boldyrew did not appear for his scheduled hearing before an immigration judge, but his attorney obtained a continuance. Despite notice of the rescheduled hearing from his attorney, Boldyrew did not appear at the second hearing either. Over the objection of his attorney, the immigration judge ordered Boldyrew removed *in absentia*. His attorney then appealed the order to the Board of Immigration Appeals, although Boldyrew now claims that he neither authorized nor  knew of that appeal. The Board found that Boldyrew could not show good cause for failing to attend his removal hearing and affirmed the immigration judge's *in absentia* order. Boldyrew did not seek judicial review of that decision, and his removal became final in 1991.

While his appeal with the Board was pending, Boldyrew married Beata Sroka, who was then a lawful permanent resident. His wife then filed a Petition for Alien Relative. It appears that at some point this petition was approved and by 1995 there was a visa available for Boldyrew in Warsaw. He did not return to claim the visa, however, because he believed he would have been subject to a five-year period of inadmissibility (actually, it would have been ten years) due to his removal and unlawful presence in the country.

In 2000, he retained a new attorney and in 2001 he moved to reopen his removal proceedings under section 1505(c) of the Legal Immigration Family Equity Act Amendments of 2000. He filed his motion with the immigration judge who had decided his case in 1989, who rejected the motion for lack of jurisdiction because Boldyrew's appeal in 1991 had transferred the case to the Board of Immigration Appeals. Boldyrew never appealed the 2001 decision or refiled with the Board—according to him, a new motion with the Board would have been untimely by the time the immigration judge rejected his first filing.

In 2008, Boldyrew was apprehended at his residence in Chicago by Immigration and Customs Enforcement agents on the outstanding warrant of removal. He was released under a supervised release program, and two weeks later he filed a motion to reopen his removal proceedings with the Board. He argued that removing him would cause extreme hardship for his family because he would be unable to provide for them. The Board denied his motion as untimely, noting that Boldyrew had provided no legal basis that would allow him to file a motion to reopen approximately seventeen years after the 90-day statutory limit. And it declined Boldyrew's invitation to reopen the case *sua sponte*. The order made no mention of the situation in which Boldyrew's family would find itself after his removal. Instead, it focused on the long period of inaction, during which Boldyrew apparently could have obtained a visa by returning to Poland. To the Board, this demonstrated a lack of the exceptional circumstances that would warrant a *sua sponte* reopening.

Boldyrew did not petition for review of the Board's denial of his motion to reopen, but did file a timely motion with the Board for reconsideration of that decision. He did not challenge the Board's determination that his motion to reopen was untimely or provide any statutory or regulatory authority for an exception. Instead, he focused solely on the Board's characterization of his attempts to regularize his immigration situation over the years as "inaction."  The Board denied his motion to reconsider, noting that the motion to reopen had been untimely and that "[g]iven [Boldyrew's] inaction for over 17 years, we did not err in declining to exercise our *sua sponte* authority to reopen." Boldyrew then filed a timely petition for review of the Board's denial of his motion to reconsider.

## II.

We begin our analysis by clarifying precisely what we are reviewing.  Boldyrew has only petitioned for review of the Board's denial of his motion to reconsider, so only issues that he raised before the Board in that motion are properly before us.  *Tittjung v. Reno*, 199 F.3d 393, 396 (7th Cir. 1999).  A motion for reconsideration asks the Board to find an earlier decision defective in light of additional legal arguments, a change in law, or an argument

that was overlooked. *Patel v. Gonzales*, 442 F.3d 1011, 1015 (7th Cir. 2006). And we review the Board's disposition of such a motion only for an abuse of discretion. *Id.* at 1016.

The Board discussed two issues in its motion to reconsider: the timeliness of the motion to reopen and its decision not to reopen the case *sua sponte*. Regarding the first, the Board stated that Boldyrew did not provide any statutory or regulatory basis for reopening his proceedings despite the untimeliness of his motion. Boldyrew now argues that the fact that he did not have notice of the consequences of his failure to appear at his initial removal proceedings provides such a basis. But because Boldyrew did not raise this argument before the Board, it is not properly before us now. *Tittjung,* 199 F.3d at 396 ("This Court's review is limited to those issues that [petitioner] presented to the [Board] in his motion for reconsideration.").[1]

Boldyrew argues alternatively that the Board should have reopened his case *sua sponte* pursuant to 8 C.F.R. § 1003.2(a). But we have held that we do not have jurisdiction to review the Board's failure to reopen a case *sua sponte*, so we cannot review its reconsideration of such a decision either. *Johnson v. Gonzales*, 478 F.3d 795, 799 (7th Cir. 2009); *see also Calle-Vujiles v. Ashcroft*, 320 F.3d 472 (3d Cir. 2003) (holding that there is no jurisdiction to review *sua sponte* failures to reopen under the doctrine of *Heckler v. Chaney*, 470 U.S. 821, 830 (1985), that courts may not review matters where the relevant "statute is drawn in such a way that a court would have no meaningful standard of review against which to judge the agency's exercise of discretion").

The remainder of Boldyrew's arguments challenge aspects of various earlier proceedings that are not properly before us on this petition for review, so we lack any basis for judicial relief. We realize, of course, that based on Boldyrew's portrayal of the facts, his departure would create significant hardship for those who depend on him for support and care. According to Boldyrew, his father is sick and requires his support. His wife is disabled and cannot support herself or their teenage daughters, who have no connections to Poland. There may be measures that the Attorney General could take, either to adjust Boldyrew's status before he leaves the country, to delay his removal, or to waive his inadmissibility once he is back in Poland. And although we have no authority to influence

---

[1]Our circuit precedent is divided on whether this is a jurisdictional issue or merely procedural. *Compare Awad v. Ashcroft*, 328 F.3d 336, 340 (7th Cir. 2003) (jurisdictional) *with Korsunskiy v. Gonzales*, 461 F.3d 847, 849 (7th Cir. 2006) (not jurisdictional). We need not resolve this conflict because it does not matter to the result in this case: the Attorney General has stood on its rights and pointed out that Boldyrew did not raise his arguments below.

the discretionary decisions of the Attorney General, we respectfully suggest that he consider the undeniably compelling circumstances in this case and the hardship that will fall on Boldyrew's innocent family members, all of whom are United States citizens.

III.

For the reasons stated above, the petition for review is hereby **DENIED** in part and **DISMISSED** in part for lack of jurisdiction.