**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012[*]
Decided February 23, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2565

| | |
|---|---|
| ALLAN WASONGA ONYANGO, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| | No. A087-522-711 |
| *v.* | |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Allan Onyango, a native and citizen of Kenya, petitions for review of the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture based on persecution and torture he claims he will suffer if he is returned to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Kenya. Because we lack jurisdiction to review the issues Onyango raises, we dismiss the petition.

Onyango was admitted to the United States in 2006 on a student visa to attend Saginaw Valley State University in Michigan. In 2008 Onyango left the university and began working at a manufacturing plant in Kentucky without permission from the Department of Homeland Security. In 2009 police responding to a domestic violence call in Lexington, Kentucky, arrested Onyango for assault and a detective notified Immigration and Customs Enforcement that at the scene of the assault he had found two fraudulent social security cards bearing Onyango's name. Onyango pleaded guilty to assault in the fourth degree, KY. REV. STAT. ANN. § 508.030, and using false identification documents for employment purposes, 18 U.S.C. § 1546(b)(2).

ICE then charged Onyango with, among other things, removability as an alien who failed to comply with the conditions of his nonimmigrant status, 8 U.S.C. § 1227(a)(1)(C)(i), and as an alien convicted of a crime involving moral turpitude committed within five years after his admission, for which a sentence of one year or longer may be imposed, *id.* § 1227(a)(2)(A)(i). Onyango conceded removability as charged but sought asylum, withholding of removal, and relief under CAT based on persecution he claims he will suffer as a defector from the Mungiki sect if returned to Kenya. The Mungiki is a violent political and religious group that the Kenyan government has banned as a criminal organization. *See Gatimi v. Holder*, 578 F.3d 611, 613 (7th Cir. 2009) (collecting secondary sources on the Mungiki).

An immigration judge held a hearing and ordered Onyango removed for failing to comply with the conditions of his student visa and for committing a crime involving moral turpitude. The IJ dismissed Onyango's asylum claim because he failed to file it within one year of arriving in the United States, 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2), and had not identified changed circumstances in Kenya or other extraordinary circumstances to excuse the delay in filing, 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5). The IJ then denied his claim for withholding of removal, 8 U.S.C. § 1231(b)(3), because Onyango had not shown he would be recognized as a defector from the Mungiki or that he could not relocate to a part of Kenya where no one could identify him and thus had not demonstrated that it was more likely than not that he would be persecuted. Finally, the IJ found that there was insufficient evidence to support Onyango's claim that he would be tortured by, or with the acquiescence of, the Kenyan government, and denied relief under CAT.

Onyango appealed, and the Board of Immigration Appeals upheld the IJ's decision. Onyango also moved to reopen so that he could submit additional evidence but the BIA

denied the motion after determining that Onyango's purported new evidence could have been discovered before his hearing with the IJ. 8 C.F.R. § 1003.2(c)(1).

In his petition to this court, Onyango challenges the denial of his application for asylum and argues that the IJ should have found his testimony credible and sufficient to support a determination that he has a well-founded fear of future persecution. But Onyango misapprehends the basis of the IJ's decision. The IJ dismissed the claim because Onyango waited five years after arriving in the United States to apply for asylum and did not demonstrate changed circumstances in Kenya or other extraordinary circumstances to excuse his failure to meet the one-year deadline. Onyango does not contest these findings in his petition and, even if he had, we lack jurisdiction to review the IJ's determination that Onyango did not meet the filing deadline or justify the delay. *See* 8 U.S.C. § 1158(a)(3); *Khan v. Filip*, 554 F.3d 681, 687 (7th Cir. 2009); *Sokolov v. Gonzales*, 442 F.3d 566, 568–69 (7th Cir. 2006).

Onyango also contests how the IJ weighed the evidence when he denied his claims for withholding of removal and relief under CAT. Here again Onyango's problem is jurisdictional. We lack jurisdiction to review a final order of removal against an alien removable by reason of having committed a crime of moral turpitude, except for constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C), (D); *Korsunskiy v. Gonzales*, 461 F.3d 847, 848–49 (7th Cir. 2006); *Kporlor v. Holder*, 597 F.3d 222, 225 (4th Cir. 2010). Onyango conceded that he was removable in part because he was convicted of a crime involving moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(i), and his challenge to the IJ's weighing of the evidence does not raise any cognizable claims or questions. *Id.* § 1252(a)(2)(C), (D); *Khan*, 554 F.3d at 689; *Hamid v. Gonzales*, 417 F.3d 642, 647 (7th Cir. 2005); *Kporlor*, 597 F.3d 225–26.

Accordingly, we DISMISS the petition for lack of jurisdiction.