**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2019*
Decided September 4, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2349

| | |
|---|---|
| ANGELA E. BROOKS-NGWENYA,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cv-00907-WTL-MPB |
| INDIANAPOLIS PUBLIC SCHOOLS,<br>et al.,<br>    *Defendants-Appellees*. | William T. Lawrence,<br>*Judge*. |

**O R D E R**

This is one of many cases that Angela Brooks-Ngwenya has brought against her former employer, Indianapolis Public Schools ("the Schools"). In her prior cases, she alleged that the Schools wrongfully fired her and infringed on her copyright of a

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

curriculum that she developed. In this suit, she raises similar allegations and has added two new defendants and state-law claims. The district court dismissed the case at screening, 28 U.S.C. § 1915(e)(2), after offering her both a chance to amend her complaint and an opportunity to explain why it should not dismiss for failure to state a claim. We affirm the dismissal because earlier judgments preclude Brooks-Ngwenya's federal claims, and her state-law claims rest on factually devoid legal conclusions.

We take the well-pleaded allegations as true. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). While employed as a classroom assistant between 2001 and 2003, Brooks-Ngwenya piloted a program for students with behavioral issues. The program was successful, and the Schools proposed buying it from her and hiring her as the program coordinator. The Schools never finalized the agreement, but instead, fired Brooks-Ngwenya and implemented a similar program without paying her. The two new defendants (the Indianapolis Public Schools Education Foundation and Indiana University–Purdue University Indianapolis) promoted that implementation.

Brooks-Ngwenya has never won any suit against the Schools. Her first suit against the Schools and its employees resulted in a settlement agreement in 2005 in which she "relinquished all claims of employment discrimination arising under federal law in connection with her tenure." *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 806 (7th Cir. 2009) (citing *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, No. 04-cv-198 (S.D. Ind. July 6, 2005)). Years later, in another suit, we affirmed summary judgment against Brooks-Ngwenya on her relitigated employment claims, citing claim preclusion. *Brooks-Ngwenya*, 564 F.3d at 808–09. We also affirmed summary judgment on her copyright claims against the Schools, explaining that although Brooks-Ngwenya's curriculum was similar to the one that the district implemented, no evidence showed that the Schools copied "the form of words" of her materials. *Id*. After 2009, district courts have dismissed all of Brooks-Ngwenya's suits relating to her curriculum. *See, e.g.*, *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, No. 11-cv-483 (S.D. Ind. dismissed Sept. 26, 2012); *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, No. 13-cv-152 (S.D. Ind. dismissed Mar. 14, 2014); *Brooks-Ngwenya v. Nat'l Heritage Acads.*, No. 16-cv-183 (N.D. Ind. dismissed Jan. 6, 2017); *Brooks-Ngwenya v. The Mind Trust*, No. 16-cv-193 (N.D. Ind. dismissed June 8, 2017).

Brooks-Ngwenya is undeterred. She has sued the Schools again for employment discrimination and copyright infringement. On the latter claim, she has added the two new defendants. She also raised state-law claims for defamation, breach of contract, and

willful infliction of emotional distress against all defendants, but did not point to underlying facts to support them. Before the defendants appeared, the district court ruled that her earlier litigation precluded the copyright-infringement and employment-discrimination claims, and the latter claim was also untimely. Rejecting the state-law claims on the merits, the court ruled that Brooks-Ngwenya "failed to identify any defamation, any contract, or any willful infliction of emotional distress." The court offered her a chance to explain why it should not dismiss her suit, but she did not respond, and the court dismissed her amended complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

We review the dismissal de novo, *see Luevano*, 722 F.3d at 1027, and agree with the district court that the claims against the Schools are precluded. A district court may invoke claim preclusion sua sponte because "[t]he doctrine 'is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.'" *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). In doing so, it may rely on judicially noticeable court documents and rulings. *See Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017). A comparison of Brooks-Ngwenya's complaint with our opinion in her earlier suit shows that, in both cases, her discrimination claims against the Schools arise from her work from 2001 to 2003. She alleges in her complaint that in "2003," an Indiana University–Purdue University Indianapolis employee "produced a manual" that included a description of a program-coordinator position, and that the Schools "did not hire me in a Coordinator Position." But we have already decided these claims against her, and she has released "all claims of employment discrimination" from this period, so Brooks-Ngwenya may not relitigate them. *Brooks-Ngwenya*, 564 F.3d at 808–09. Likewise, her copyright-infringement claim is precluded because we already decided it between her and the Schools—adversely to her. *See Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015); *Brooks-Ngwenya*, 564 F.3d at 808.

Brooks-Ngwenya's response on appeal is unpersuasive. For the first time, she asserts that the Schools failed to rehire her in 2017 and 2018. Although we may consider on appeal allegations that elaborate on those in the complaint, we need not consider *new claims*, like this one, that she never presented to the district court. *See Cty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819–20 (7th Cir. 2006).

Next, we conclude that Brooks-Ngwenya has failed adequately to plead copyright-infringement claims against the two new defendants. Her complaint recites threadbare legal conclusions about copyright infringement, but they are insufficient to survive dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Her only factual allegation is that the new defendants helped the Schools implement the very program that we have already ruled did not infringe on any copyright belonging to Brooks-Ngwenya. Under Indiana preclusion law, which applies here, *see* 28 U.S.C § 1738, a plaintiff may not relitigate an issue against a new defendant after an earlier court has decided that issue against the plaintiff. *See White v. Allstate Ins.*, 605 N.E.2d 141, 142–44 (Ind. 1992). And after the district court offered Brooks-Ngwenya both an opportunity to amend her complaint and to explain why it should not dismiss these claims, she furnished no new information. Therefore, the district court properly disposed of these claims on the merits. *See Luevano*, 722 F.3d at 1024–25.

Finally, we address the supplemental state-law claims, which the district court ruled were legally insufficient. After dismissing federal claims before trial, a district court may exercise supplemental jurisdiction over state-law claims when it can easily decide them. 28 U.S.C. § 1367(c)(3); *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009). The district court rightly did so here: Brooks-Ngwenya has not specified who or what defamed her, violated a contract, or intentionally inflicted emotional distress.

We conclude by issuing a warning to Brooks-Ngwenya: Further appeals of dismissals of claims that she has previously litigated or new litigation on these same issues may result in sanctions. Failure to pay them may lead to an order under *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), forbidding her from filing papers in any court within this circuit.

AFFIRMED